**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Raylate BROOKS, Defendant–Appellant.**

No. 04–10769.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 12, 2005.

Renee Harris Toliver, Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office Northern District of Texas, Fort Worth, TX, for Plaintiff-Appellee.

Charles M. Meadows, Jr., John W. Sweeney, Jr., Meadows, Owens, Collier, Reed, Cousins & Blau, Dallas, TX, for Defendant-Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

This court affirmed the conviction and sentence of Raylate Brooks. *United States v. Brooks,* 115 Fed.Appx. 738 (5th Cir. 2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing *Booker's* impact.

Brooks argues that his sentence is illegal under *Booker* because he was sentenced to "eight years [of] imprisonment on the basis of guidelines enhancements which were unconstitutionally applied to him by the district court as they were neither proved to a jury beyond a reasonable doubt, nor admitted by him." He also acknowledges that there "is no statement in the record that could support an inference that [he] would receive a lesser sentence from the sentencing judge if the case was remanded under ordinary circumstances." *Id.* He argues, however, that

the district court will be "compelled" to give him a lesser sentence because due process and ex post facto principles require that the court resentence him based on a strict application of the guidelines, without any increase in his sentence based on enhancements that violate the Sixth Amendment under *Booker. Id.*

Brooks concedes that he failed to preserve his argument in the district court and that review of his argument is for plain error. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *cert. denied* — U.S. ——, 126 S.Ct. 43, 163 L.Ed.2d 76 (2005); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 732 (5th Cir. 2005), *cert. denied* — U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). In order to establish that he is entitled to relief under a plain-error analysis, Brooks bears the burden of demonstrating, *inter alia,* that the sentencing court would have imposed a different sentence had it sentenced him under an advisory, rather than mandatory, application of the guidelines. *See Valenzuela–Quevedo,* 407 F.3d at 733. Brooks concedes that he cannot make such a showing. Brooks's argument that he must be resentenced under a strict application of the guidelines, without any increase based on enhancements not found by a jury or admitted by him, is foreclosed by *United States v. Scroggins,* 411 F.3d 572, 576–77 (5th Cir.2005). Accordingly, we conclude that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore reinstate our judgment affirming Brooks's conviction and sentence.

AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.